*2010 U.S. Dist. LEXIS 10129, \**

ERIC L. TOLBERT, Plaintiff, v. DR. (FNU) WYATT, Defendant.

1:10CV49

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

2010 U.S. Dist. LEXIS 10129

February 5, 2010, Decided
February 5, 2010, Filed

**SUBSEQUENT HISTORY:** Magistrate's recommendation at Tolbert v. Wyatt, 2011 U.S. Dist. LEXIS 144698 (M.D.N.C., Dec. 15, 2011)

**PRIOR HISTORY:** Tolbert v. Stevenson, 2009 U.S. Dist. LEXIS 97085 (W.D.N.C., Oct. 5, 2009)

**CORE TERMS:** prisoner, appointment of counsel, inmate, prison, exceptional circumstances, colorable claim, appoint counsel, subjective, pro se, legal assistance, screening, law library, medical care, litigating, prepare, constitutional violations, failure to state a claim, attorney to represent', deliberate indifference', legal services, inappropriate, subjectively, exceptional, withstand, quotation, appointed, frivolous, indigent's, frequent, litigate

**COUNSEL:** [\*1] ERIC L. TOLBERT, Plaintiff, Pro se, POLKTON, NC.

**JUDGES:** L. Patrick Auld, United States Magistrate Judge.

**OPINION BY:** L. Patrick Auld

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner of the State of North Carolina, seeks relief pursuant to 42 U.S.C. § 1983 for alleged federal constitutional violations arising from his in-custody interactions with medical doctors. He originally filed his pro se Complaint in the United States District Court for the Western District of North Carolina. (Docket Entry 1.) Pursuant to a preliminary review, see 28 U.S.C. § 1915A(a), that court dismissed the claims against two of the named defendants for failure to state a claim on which relief could be granted. (Docket Entry 3 at 1, 3-5, 7.) With respect to the remaining defendant, Dr. (FNU) Wyatt, a physician at the Scotland Correctional Institution, that court found that Plaintiff's allegations could withstand initial screening, but that venue for said claim lay in the Middle District of North Carolina. (Id. at 1, 3-7.) Accordingly, the case was transferred to this judicial district. (Id. at 7.)

Plaintiff now has filed a motion for appointment of counsel. (Docket Entry 7.) "[A] plaintiff does not have an absolute right to appointment [\*2] of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, the provision of counsel through the auspices of the Court remains, "as [does] the privilege of proceeding in forma pauperis, a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968).

EXHIBIT A

In delineating the scope of this discretion, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989). [1] More pointedly, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). In this case, it is neither apparent [*3] that Plaintiff has a colorable claim, nor apparent that he lacks the capacity to present his claim.

**FOOTNOTES**

[1] In Mallard, the United States Supreme Court ruled that a court could not make "compulsory assignments of attorneys in civil cases" pursuant to the provision in 28 U.S.C. § 1915 (then codified at subsection (d), now set out in subsection/paragraph (e)(1)) stating that a "'court may request an attorney to represent' an indigent litigant," Mallard, 490 U.S. at 300-01 (holding that the statute's use of the word "request" means that courts may ask, but may not command, attorneys to represent civil litigants). The Supreme Court also declined to "express an opinion on the question whether the federal courts possess inherent authority to require lawyers to serve." Id. at 310. Because this Court ultimately concludes that this case fails to present exceptional circumstances warranting judicial intervention to secure counsel for Plaintiff, no need exists to explore further how the Court might provide counsel in an appropriate case.

As to the latter matter, the Court finds that, despite Plaintiff's alleged intellectual and educational limitations (Docket Entry 7 at 1), Plaintiff has shown the ability [*4] to set forth his claim against Dr. Wyatt in a coherent fashion. In addition, this Court, like others that have encountered Plaintiff before, "notes that Plaintiff is no stranger to the federal courts in that he previously has filed at least seven federal cases over the preceding five years." Tolbert v. Stevenson, No. 3:09CV382-MU-02, 2009 U.S. Dist. LEXIS 97085, 2009 WL 3245385, at *1 (W.D.N.C. Oct. 5, 2009) (unpublished). At least two of those prior cases involved claims by Plaintiff related to his medical treatment in prison, see id., the same type of claim he pursues here. Plaintiff thus has more experience both litigating in federal court in general and litigating claims of this sort in particular than do most pro se litigants.

Moreover, Plaintiff's instant claim appears straightforward. Specifically, given the required benefit of liberal construction, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), Plaintiff has alleged that, on May 12, 2009, despite the fact that Dr. Wyatt saw medical records clearly establishing that Plaintiff had damaged vertebrae in his lower back, Dr. Wyatt denied Plaintiff needed medical care and instead "said that their [sic] was nothing wrong with [Plaintiff's] back." (Docket Entry [*5] 1 at 3.) [2] Although the presentation of some constitutional claims related to prison medical care may require skills beyond those possessed by most prisoners, it does not appear Plaintiff's instant claim should.

**FOOTNOTES**

[2] Page citations for this document refer to the page numbers in the electronic case filing footer, not the pre-printed numbers on the complaint form.

Accordingly, the Court cannot find it "apparent" that Plaintiff lacks the ability to present his claim, as required for appointment of counsel under Gordon's second prong. See generally Hall v. Holsmith, 340 Fed. Appx. 944, 946 (4th Cir. 2009) (affirming denial of motion for

appointment of counsel by "former inmate . . . [who] filed . . . civil rights action against medical technician . . ., alleging that [she] intentionally denied him medication" because "claims presented in [his] complaint are not complicated and [plaintiff] has demonstrated the capacity to present those claims adequately").

Plaintiff's instant motion also falls short under the first prong of the Gordon standard (i.e., apparent existence of a colorable claim). "Claims that prison officials failed to provide adequate medical care . . . sound in the Eighth Amendment [*6] . . . [and thus] there is a subjective and an objective component to showing a violation of the right. The plaintiff must demonstrate that the [officials] acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

"Deliberate indifference is a very high standard - a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Instead, Plaintiff must make "two showings":

> First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the [official] *should have* recognized it; [he] actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his actions were inappropriate in light of that risk. As with the subjective awareness element, it is not enough that the official *should have* recognized that his actions were inappropriate; the official actually *must have* recognized that his actions were insufficient.

Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (internal citations and quotation marks omitted) (emphasis [*7] in original). "The subjective component therefore sets a particularly high bar to recovery." Iko, 535 F.3d at 241.

Given the particularly difficult burden Plaintiff must carry, the Court cannot find that "it is apparent [he] . . . has a colorable claim," Gordon, 574 F.2d at 1153. Rather, as another court recently observed in affirming the denial of a prisoner's motion to appoint counsel in a § 1983 action against a doctor and a physician's assistant for alleged deliberate indifference to the prisoner's back condition:

> It is difficult to see how, even with adequate representation, [the plaintiff] would stand any chance of prevailing on the subjective element. . . . In sum, it is very difficult to imagine what competent discovery could reasonably be expected to produce that would dislodge the impression that this was simply disagreement over the proper course of treatment and therefore did not rise to the level of a constitutional violation.

Spruill v. Gillis, 328 Fed. Appx. 797, 801 (3d Cir. 2009). See also Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) ("[A] court need not appoint counsel when it considers the indigent's chances of success to be extremely slim."); Tyson v. Pitt Cty. Gov't, 919 F. Supp. 205, 207 (E.D.N.C. 1996) [*8] ("[P]laintiff is not entitled to appointed counsel. The court finds that the merits of the case are weak and can see no concrete proof of [the] intent [required for liability]. This court has chosen to give this third factor (weighing the merits of the case) significant weight.").

Plaintiff's prior record of frivolous litigation reinforces the Court's view in this regard. As the screening court noted, "Plaintiff is a frequent filer who previously was determined to be a 'three striker.' That is, . . . Plaintiff already ha[s] sustained at least three prior dismissals for frivolity and/or failure to state a claim for relief." (Docket Entry 3 at 2 (emphasis added).) "Every court in the land is familiar with never-say-die litigants, who are frequent filers. For all their perseverance and passion, their successes are exceedingly rare." Betty B Coal Co. v. Director, Off. of Workers' Compensation Programs, 194 F.3d 491, 500 (4th Cir. 1999) (emphasis added).

3

**FOOTNOTES**

3 The screening court permitted the filing of Plaintiff's Complaint, notwithstanding his history of litigation abuse, only "in an abundance of caution," based on the generous assumption "that he sufficiently alleged that he is under imminent **[*9]** danger . . . ." (Id. at 3.) Given this context, the finding that Plaintiff's claim against Dr. Wyatt was "sufficient to withstand the [screening c]ourt's initial review" (id. at 6 (emphasis added)) provides no basis to assert that Plaintiff has a "colorable claim" within the meaning of Gordon.

Plaintiff contends the Court should appoint counsel because under "Bounds v. Smith, 430 U.S. 817, 824, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977) . . . [a] state prison facility must provide prisoners with an adequate law library to research their case or adequate legal assistance that will help prepare prisoner legal case[s]," and "North Carolina Prison Legal Service[s] [NCPLS] doesn't provide case logs [sic] or make photo copys [sic] . . . ." (Docket Entry 7 at 1-2.) Plaintiff properly cites Bounds and accurately recites its holding; 4 however, the Court concludes that said decision does not require appointment of counsel in this case for several reasons.

**FOOTNOTES**

4 These facts tend to corroborate the Court's finding regarding Plaintiff's ability to present his instant claim.

First, the Supreme Court subsequently substantially limited the reach of Bounds. See Lewis v. Casey, 518 U.S. 343, 354, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) (ruling that, to the extent Bounds "suggest[ed] **[*10]** that the State must enable the prisoner to *discover* grievances, and to *litigate effectively* once in court, . . . [t]hese elaborations upon the right of access to the courts have no antecedent in our pre-Bounds cases, and we now disclaim them" (emphasis in original)). Properly understood, the right at issue in Bounds, "the constitutional right of meaningful access to the courts, via law libraries or persons trained in the law, does not extend 'further than protecting the ability of an inmate to prepare a petition or complaint.'" Wrenn v. Freeman, 894 F. Supp. 244, 248 (E.D.N.C. 1995) (quoting Wolff v. McDonnell, 418 U.S. 539, 576, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)) (first set of internal quotation marks from earlier Eastern District of North Carolina case omitted). Plaintiff obviously was able to prepare a complaint and thus his right to access the courts has not been compromised.

Further, "[c]ourts have held that [North Carolina's establishment of NCPLS] satisfies the Constitution's requirement that inmates be given meaningful access to the courts." Coil v. Peterkin, No. 1:08CV145, 2009 U.S. Dist. LEXIS 93850, 2009 WL 3247848, at *10 (M.D.N.C. Oct. 5, 2009) (unpublished) (citing Wrenn's collection of cases). Accord Wrenn, 894 F. Supp. at 249 **[*11]** ("[T]he present NCPLS plan offers North Carolina inmates that constitutionally mandated level of assistance necessary to protect their right of 'meaningful access' to the courts."). Such holdings are imminently reasonable, given the level of assistance afforded to prisoners via NCPLS: "NCPLS initially screens prisoner claims to determine if they are frivolous. NCPLS then decides whether to provide or decline representation. If NCPLS determines that appointment of counsel is not required in the action, NCPLS will still provide advice and assistance to plaintiff." Fowler v. Lee, 18 Fed. Appx. 164, 166 (4th Cir. 2001). For example, even when it does not opt to represent a prisoner, NCPLS provides forms the prisoner can use to bring claims under 42 U.S.C. § 1983 (like the form used by Plaintiff in this case). See Coil, 2009 U.S. Dist. LEXIS 93850, 2009 WL 3247848, at *10.

In sum, Plaintiff objects because he "w[as] denied the level of legal assistance or access to legal materials that [he] would have liked" and asserts that the NCPLS plan "deprives inmates

of continued chaperoning of their actions through the courts by a trained attorney," Wrenn, 894 F. Supp. at 249. These claims have no resonance because they amount **[*12]** to demands for a "luxury [to which] inmates are not entitled." Id. Accord Johnson v. North Carolina Dept. of Correction, No. 5:01-CT-508-H, 2001 WL 34704467, at *1 (E.D.N.C. Aug. 21, 2001) (unpublished) ("Plaintiff cannot proceed with a claim challenging the quality of legal assistance afforded under the current scheme for providing legal services where he merely asserts that he is not receiving the level of services he would like.").

As a final matter, Plaintiff suggests the Court should appoint counsel because he is "currently placed on maximum control status and do [sic] to security [he] cannot make copy's [sic] of legal papers or have access to legal material to adequately research and present [his] case." (Docket Entry 7 at 2.) The Court notes that, whatever his custody status, Plaintiff was able to draft the instant motion complete with proper citations. That fact belies Plaintiff's claim that security restrictions prevent him from litigating this case appropriately. Moreover, considerations of this sort are insufficiently "exceptional" to merit appointment of counsel. See Joe v. Funderburk, No. 8:06-119-GRA-BHH, 2006 U.S. Dist. LEXIS 66764, 2006 WL 2707011 (D.S.C. Sept. 18, 2006) (unpublished) ("Plaintiff **[*13]** further objects to the magistrate's finding that exceptional circumstances do not exist to warrant appointment of counsel. Plaintiff cites that . . . his imprisonment limits his ability to litigate his case, that he has limited access to the law library . . ., and that [his] confinement in administrative segregation increases the delay in receiving law books. The magistrate properly found that these did not constitute exceptional circumstances. Almost every prisoner bringing a § 1983 claim would be able to cite the same circumstances as plaintiff here, and so the Court can hardly consider these circumstances to be exceptional."). See also Lewis, 518 U.S. at 361-62 (ruling that "delays [experienced by prisoners in lockdown status] in receiving legal materials or legal assistance . . . [that] are the product of prison regulations reasonably related to legitimate penological interests . . . are not of constitutional significance").

In light of these considerations and given the absence of any other exceptional circumstances, the Court will exercise its discretion to deny Plaintiff's request for appointment of counsel. If a material change in these conditions develops at a later stage in **[*14]** the case, Plaintiff obviously may raise this issue again.

**IT IS THEREFORE ORDERED** that Plaintiff's pro se "Motion for Appointed of [sic] Counsel" (Docket Entry 7) is **DENIED.**

**IT IS FURTHER ORDERED** that the case caption in this matter shall hereinafter be amended to list only Dr. (FNU) Wyatt as a Defendant in this action.

/s/ L. Patrick Auld

**L. Patrick Auld**

**United States Magistrate Judge**

February 5, 2010

Service: **Get by LEXSEE®**
Citation: **2010 U.S. Dist. LEXIS 10129**
View: Full
Date/Time: Monday, June 8, 2015 - 10:33 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated

Get a Document - by Citation - 2010 U.S. Dist. LEXIS 10129

Page 6 of 6

- Citing Refs. With Analysis Available
- Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

**LexisNexis®** About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2015 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Get a Document - by Citation - 2010 U.S. Dist. LEXIS 10129

http://www.lexis.com/research/retrieve?_m=3c24202d3402342adc43bd247e1f1f76&_brows... 6/8/2015

Case 1:13-cv-00529-TDS-LPA   Document 60-1   Filed 06/08/15   Page 6 of 6